UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID L. WELLS,

        Plaintiff,

                                        CASE NO. 13-10535
v.                                     HONORABLE VICTORIA A. ROBERTS

DAVID SAWYER, LARRY ROYSTER,
GARY CHAMBON, J. MILLS,
INGER Z. MEYER, and CORBIN R. DAVIS,

        Defendants.
_____/

## ORDER TRANSFERRING CASE TO THE WESTERN DISTRICT OF MICHIGAN

On February 8, 2013, state prisoner David L. Wells filed a *pro se* civil rights complaint seeking declaratory and injunctive relief under 42 U.S.C. § 1983. The defendants are: David Sawyer, Chief Judge Pro Tem for the Michigan Court of Appeals; Larry Royster, Chief Clerk for the Michigan Court of Appeals; Gary Chambon, a staff attorney for the Michigan Court of Appeals; J. Mills, an assistant clerk for the Michigan Supreme Court; Inger Z. Meyer, a deputy clerk at the Michigan Supreme Court; and Corbin R. Davis, Chief Clerk of the Michigan Supreme Court.

The complaint alleges that, in 2011, Plaintiff filed a state complaint for the writ of habeas corpus; Lapeer County Circuit Judge Nick O. Holowka denied it. Plaintiff attempted to appeal Judge Holowka's order by filing an original complaint for the writ of habeas corpus in the Michigan Court of Appeals. Plaintiff applied for a waiver of fees, but defendant Gary Chambon notified Plaintiff that his submission was defective because he did not send a copy of his prisoner account statement to the court along

1

with four copies of his complaint.  Plaintiff did not correct the procedural deficiencies, and on June 11, 2012, Larry Royster and Chief Judge David Sawyer dismissed Plaintiff's complaint for failure to pursue his case in conformity with the rules.

Plaintiff filed a mandamus petition in the Michigan Supreme Court.  He sought a writ of superintending control to compel the Court of Appeals to resolve the merits of his complaint for the writ of habeas corpus.  On June 14, 2012, J. Mills wrote to Plaintiff and asked him to provide the state supreme court with a certified statement of his prisoner account activity for the past twelve months.  Plaintiff objected on the ground that he was not required to pay a filing fee.  On June 27, 2012, Inger Z. Meyer informed Plaintiff that superintending control was not available, but that Plaintiff could file an application for leave to appeal.  Plaintiff responded that he wanted to file an original action for the writ of habeas corpus.  Nevertheless, on August 21, 2012, Corbin R. Davis entered an order closing the state supreme court file because Plaintiff failed to provide a certified statement of his institutional account.

Plaintiff alleges that the defendants' actions deprived him of his constitutional right of access to the courts and his right to equal protection of the law.  Plaintiff further alleges that the defendants barred habeas corpus review in the state courts by unlawfully applying Mich. Comp. Laws § 600.2963, which governs the payment of fees and costs for civil actions filed by prisoners.

A threshold question is whether venue is proper in this District.  The proper venue in civil actions where jurisdiction is not founded on diversity of citizenship is

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  The Court may transfer a civil action to any district where the action could have been brought if the action was filed in the wrong district.  28 U.S.C. § 1406(a).

All of the defendants are or were employed by the Michigan Court of Appeals or the Michigan Supreme Court in Lansing, Michigan, and the events or omissions giving rise to Plaintiff's claims occurred there.  Lansing is in Ingham County, which is located within the geographical boundaries of the Western District of Michigan.  28 U.S.C. § 102(b)(1).  Venue is proper in there.

The Clerk of the Court must **TRANSFER** this case to the Western District of Michigan pursuant to 28 U.S.C. §§ 1391(b)(2) and 1406(a).  The Court did not review Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, nor determine whether Plaintiff may proceed without prepayment of fees and costs.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  February 15, 2013

> The undersigned certifies that a copy of this document was served on the attorneys of record and David Wells by electronic means or U.S. Mail on February 15, 2013.
>
> s/Linda Vertriest
> Deputy Clerk